**MAYER·BROWN**

Mayer Brown LLP
1221 Avenue of the Americas
New York, New York 10020-1001

Main Tel +1 212 506 2500
Main Fax +1 212 262 1910
www.mayerbrown.com

September 1, 2015

<u>VIA ECF</u>

**Christopher J. Houpt**
Direct Tel +1 212 506 2380
Direct Fax +1 212 849 5830
choupt@mayerbrown.com

The Honorable Jesse M. Furman
United States District Court for the
 Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:   *Fixed Income Shares, et al. v. Citibank N.A.*,
        Case No. 14-cv-9373(JMF)

        *Federal Deposit Insurance Corporation v.
        Citibank N.A.*, Case No. 1:15-cv-06574-ALC

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/17/2015

Dear Judge Furman:

    We represent Citibank N.A. ("Citibank") in the above-captioned cases. Pursuant to Local Rule 13 of the Division of Business among District Judges, we write to request that *Federal Deposit Insurance Corporation v. Citibank N.A.* ("*FDIC v. Citibank*"), Case No. 1:15-cv-06574-ALC, be related to *Fixed Income Shares, et al. v. Citibank N.A.*, Case No.14-cv-9373(JMF). *FDIC v. Citibank* is currently assigned to Judge Carter after the FDIC requested to relate it to *Federal Deposit Insurance Corporation v. The Bank of New York Mellon* ("*FDIC v. BNYM*"), Case No. 15-cv-6560, also before Judge Carter. In seeking to instead relate *FDIC v. Citibank* to *Fixed Income Shares v. Citibank*, Citibank seeks to relate itself to a case in which it is also a defendant, and not to a case brought against an entirely unrelated entity—The Bank of New York Mellon.

    According to Rule 13, "[i]n determining relatedness, a judge will consider whether (A) the actions concern the same or substantially similar parties, property, transactions or events; (B) there is substantial factual overlap; (C) the parties could be subjected to conflicting orders; and (D) whether absent a determination of relatedness there would be a substantial duplication of effort and expense, delay, or undue burden on the Court, parties or witnesses." The Comment to Rule 13 states that the Rule is aimed at "strik[ing] a balance between the benefits that may be achieved *by avoiding unnecessary duplication of effort, expense and burden on the Court and parties through the assignment of related matters to a single judge* and the desirability of enriching the development of the law by having a plurality of judges examine in the first instance common questions of law" (emphasis added).

    *FDIC v. Citibank* and *Fixed Income Shares v. Citibank* are textbook examples of cases that should be related because the similarities between the issues, facts, and parties lend

The Honorable Jesse M. Furman
September 1, 2015
Page 2

themselves to preventing unnecessary duplication of effort, expense and burden on the Court and parties. *See Poindexter v. Cash Money Records*, No. 13 Civ. 5882, 2014 WL 1383781, at *2 (S.D.N.Y. Apr. 8, 2014) (relating two cases because "[s]ubstantial portions of [the plaintiff's] complaint are reproduced verbatim in the instant Complaint. Given the similarity of these actions, a substantial saving of judicial resources would result from having both cases proceed before the same court and judge. Moreover, Defendant would not have to defend the case on two fronts that would unnecessarily increase its litigation expenses.").

This is especially the case, where, as here, the allegations against Citibank in both cases are virtually identical. In *FDIC v. Citibank*, the FDIC alleges that Citibank had: (i) the duty to collect mortgage files; (ii) the duty to provide notice of defaults and enforce repurchase obligations triggered by such notices; (iii) the duty to act prudently and enforce repurchase obligations; and (iv) the duty to address the servicer's failure to meet prudent servicing standards. FDIC then alleges that Citibank breached these alleged duties. The complaint in *Fixed Income Shares v. Citibank* has similar allegations because they derive from the same alleged duties as in *FDIC v. Citibank*. In *Fixed Income Shares v. Citibank*, the plaintiffs allege that Citibank failed to satisfy alleged duties to: (i) provide notice of breaches and enforce putback rights; (ii) enforce its duties against servicers; and (iii) implement its responsibilities once it had knowledge of an event of default. The causes of action in both complaints are similar as well: both allege violations of the Trust Indenture Act and breach of contract, while the *Fixed Income Shares v. Citibank* complaint alleges a variety of common law breach of duty causes of action as well.

Relating *FDIC v. Citibank* to *Fixed Income Shares v. Citibank* would therefore achieve the principles of relatedness codified in Rule 13. The allegations in both cases pertain to the same alleged duties by Citibank. Moreover, since the sources of Citibank's alleged duties arise from the same governing agreements, the prospect of different courts interpreting similar contract language and obligations in multiple cases involving the same trustee could result in conflicts, binding Citibank to contrary interpretations of very similar contract language.

\*   \*   \*

For these reasons, we respectfully request that the Court relate *FDIC v. Citibank* to *Fixed Income Shares v. Citibank*. We are available at the Court's convenience to answer any questions it might have.

Respectfully,

/s/ Christopher J. Houpt

Christopher J. Houpt

The Honorable Jesse M. Furman
September 1, 2015
Page 3

cc:   The Honorable Andrew L. Carter (by ECF filing)
      David H. Wollmuth (by ECF filing)
      Blair A. Nicholas (by ECF filing)

Application DENIED.

SO ORDERED.

*[signature]*

September 16, 2015